FILED

FILED

May 23, 2016

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

MAY 23 2016

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

## UNITED STATES BANKRUPTCY APPELLATE PANEL

## OF THE NINTH CIRCUIT

| | | |
|---|---|---|
| In re: | ) | BAP No.   EC-16-1087 |
| | ) | |
| ADVANCED MEDICAL SPA INC., | ) | Bk. No.   15-27456-B-7 |
| | ) | |
| Debtor. | ) | District Court No. |
| | ) | 2:16-mc-0100 MCE CKD (PS)(BK) |
| | ) | |
| MAUREEN YVONNE LAPIERRE, | ) | |
| | ) | |
| Appellant, | ) | |
| v. | ) | **ORDER TRANSFERRING IFP MOTION** |
| | ) | **TO DISTRICT COURT** |
| ADVANCED MEDICAL SPA INC.; | ) | |
| ERIC J. NIMS, Chapter 7 | ) | |
| Trustee, | ) | |
| | ) | |
| Appellees. | ) | |
| | ) | |

Before:   KIRSCHER and DUNN, Bankruptcy Judges.

Appellant filed a motion for leave to proceed in forma pauperis with respect to this appeal ("IFP Motion").  An order was issued by the BAP Clerk, giving the bankruptcy court the opportunity to make a certification under 28 U.S.C. § 1915(a)(3) regarding whether the appeal is frivolous.  No certification was made by the bankruptcy court.

Under the holding of Perroton v. Gray (In re Perroton), 958 F.2d 889 (9th Cir. 1992) and Determan v. Sandoval (In re Sandoval), 186 B.R. 490, 496 (9th Cir. BAP 1995), the Bankruptcy

Appellate Panel has no authority to grant or deny in forma

pauperis motions under 28 U.S.C. § 1915(a) because bankruptcy

courts are not "court[s] of the United States" as defined in 28

U.S.C. § 451.

Therefore, appellant's IFP Motion is hereby TRANSFERRED to

the United States District Court for the Eastern District of

California for the limited purpose of ruling on the IFP Motion.

It is appellant's responsibility to take all necessary steps

to have the IFP Motion considered by the district court within a

reasonable period of time.

No later than **Wednesday, June 22, 2016**, appellant must file

with the Panel and serve on opposing counsel a written response

which includes as an exhibit a copy of the district court's order

on the IFP Motion or an explanation of the steps appellant has

taken to have the IFP Motion considered by the district court.

For the convenience of the district court, copies of the notice

of appeal, the order on appeal, and IFP Motion are attached to

this order.

Failure to comply with the requirements of this order may

result in dismissal of this appeal for lack of prosecution

without further notice to the parties.  9th Cir. BAP R. 8018(a)-

2.

Official Form 417A (12/15)

**FILED**

MAR 3 1 2016

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

*[Caption as in Form 416A, 416B, or 416D, as appropriate]*

## NOTICE OF APPEAL AND STATEMENT OF ELECTION

### Part 1: Identify the appellant(s)

1.  Name(s) of appellant(s): MAUREEN LaPierre    $0.00  15-27456

2.  Position of appellant(s) in the adversary proceeding or bankruptcy case that is the subject of this appeal:

    For appeals in an adversary proceeding.

    ☐ Plaintiff
    ☐ Defendant
    ☐ Other (describe) _____

    For appeals in a bankruptcy case and not in an adversary proceeding.

    ☐ Debtor
    ☒ Creditor
    ☐ Trustee
    ☐ Other (describe) _____

### Part 2:  Identify the subject of this appeal

1.  Describe the judgment, order, or decree appealed from: DENIED Motion for Relif from STAY

2.  State the date on which the judgment, order, or decree was entered: 3-29-2016

### Part 3: Identify the other parties to the appeal

List the names of all parties to the judgment, order, or decree appealed from and the names, addresses, and telephone numbers of their attorneys (attach additional pages if necessary):

ADVANCED MEDICAL SPA

1.  Party: _____    Attorney: ~~Sacooto Rodriges~~ MD
    EDWARD SMITH
    300 HARDING BLVD. Spite 115
    Roseville, CA 95678

J. Russell Cunningham

2.  Party: _____    Attorney: 1830 15th St,
    Sacramento, CA  95811

Official Form 417A                    Notice of Appeal and Statement of Election                    page 1

3.  Judge J'aime

**Part 4: Optional election to have appeal heard by District Court (applicable only in certain districts)**

If a Bankruptcy Appellate Panel is available in this judicial district, the Bankruptcy Appellate Panel will hear this appeal unless, pursuant to 28 U.S.C. § 158(c)(1), a party elects to have the appeal heard by the United States District Court.  If an appellant filing this notice wishes to have the appeal heard by the United States District Court, check below.  Do not check the box if the appellant wishes the Bankruptcy Appellate Panel to hear the appeal.

❑   Appellant(s) elect to have the appeal heard by the United States District Court rather than by the Bankruptcy Appellate Panel.

**Part 5: Sign below**

Date: 3-31-16

Signature of attorney for appellant(s) (or appellant(s)
if not represented by an attorney)       Pro·per

Name, address, and telephone number of attorney
(or appellant(s) if not represented by an attorney):

Mailing only

FOWLER CREEK Rd.
Sonoma, CA. 95476
707 328-7408

Fee waiver notice: If appellant is a child support creditor or its representative and appellant has filed the form specified in § 304(g) of the Bankruptcy Reform Act of 1994, no fee is required.

Official Form 417A            Notice of Appeal and Statement of Election            page 2

**FILED**

MAR 3 0 2016

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

1

2

3

4          **UNITED STATES BANKRUPTCY COURT**

5          **EASTERN DISTRICT OF CALIFORNIA**

6

7    In re:                          )        Case No. 15-27456-B-7
                                     )
8    ADVANCED MEDICAL SPA, INC.,     )
                                     )
9                                    )
                        Debtor(s).   )
10   _____  )

11

12

13          **ORDER DENYING MOTION FOR RELIEF FROM STAY**

14

15   **Introduction**

16       Presently before the court is a Motion for Relief From Stay

17   that unsecured creditor Maureen LaPierre filed on January 25,

18   2016.[1]  Ms. LaPierre seeks relief from the automatic stay of 11

19   U.S.C. § 362(a) to proceed against debtor Advanced Medical Spa,

20   Inc., in binding pre-petition arbitration to the extent her

21   claims against the debtor are covered by insurance, to obtain a

22   _____

23       [1]This is actually Ms. LaPierre's second motion for relief
     from the automatic stay.  Her first motion was filed on October
24   13, 2015, heard on November 10, 2015 (with substantial argument
     by Ms. LaPierre), and denied without prejudice in a Civil Minute
25   Order entered on November 12, 2015.  During the hearing held on
     February 16, 2016, Ms. LaPierre stated that she attempted to
26   appeal the order denying her first motion to the bankruptcy
     appellate panel but was informed her first motion was denied
27   without prejudice.  Hence, the second motion was filed in this
28   court.

1   judgment on those claims, and to collect on any judgment from the

2   debtor's $3,000,000 insurance policy.

3         The court held a hearing on Ms. LaPierre's motion on

4   February 16, 2016.  At that hearing the court heard and

5   considered statements and arguments by Ms. LaPierre, the debtor's

6   attorney, and the attorney for the chapter 7 trustee.  At the

7   conclusion of that hearing, the court allowed the parties to

8   submit additional briefing and continued the matter to March 29,

9   2016.  The chapter 7 trustee filed an opposition on March 1,

10   2016, and Ms. LaPierre filed an additional reply on March 8,

11   2016.[2]  The court has carefully reviewed all matters.

12         Inasmuch as there have been two hearings and substantial

13   briefing on substantively identical motions filed by Ms.

14   LaPierre, the court determined in an order entered on March 22,

15   2016, that further argument would not assist it in the resolution

16   of Ms. LaPierre's second motion.  See LBR 9014-1(h).  The court

17   now enters in this order its findings of fact and conclusions of

18   law pursuant to Federal Rule of Civil Procedure 52(a) made

19   applicable by Federal Rules of Bankruptcy Procedure 7052 and

20   9104.  And for the reasons explained below, Ms. LaPierre's second

21   motion for relief from the automatic stay will be DENIED.

22

23

24

25

26         [2]The debtor also filed an opposition on February 2, 2016,

27   and Ms. LaPierre replied to that opposition on February 12, 2016.

28                                       -2-

1 | **Background**

2      The debtor filed a petition for relief under chapter 7 of

3 the Bankruptcy Code on September 23, 2015. Eric Nims is the duly

4 appointed trustee.

5      The debtor owned and operated medical clinics in Rocklin and

6 Sacramento, California. Ms. LaPierre is a former client of the

7 debtor and has asserted medical malpractice claims against the

8 debtor and its principal. Those claims were asserted in a pre-

9 petition arbitration proceeding that was pending when the chapter

10 7 petition commencing this case was filed. According to the

11 debtor's schedules, there are at least 35 creditors, including

12 Ms. LaPierre, who have asserted claims against the debtor. Ms.

13 LaPierre has stated there may be more.

14      The amended schedules identify the debtor's interest in two

15 insurance policies. The first is a CNA Insurance Companies

16 policy, No. 4031810028. The second is a Lancent Indemnity

17 Insurance policy, No. LI041207001861. Claims against the debtor

18 are covered by one or the other policy, or possibly not at all.

19 Ms. LaPierre's claim falls under the CNA policy.

20      The limits of the CNA policy are $1,000,000 per occurrence

21 and $3,000,000 per policy period. However, the CNA policy is a

22 "wasting policy" which means policy limits are reduced not only

23 by recovery and payment, but, by attorney's fees and expenses

24 incurred in defense of claims asserted against the policy. In

25 simple terms, litigation of claims made against the policy

26 depletes proceeds available under the policy to pay claims made

27

28                             - 3 -

1   on the policy.

2        The CNA policy requires a $10,000 deductible per incident

3   which must be paid by the debtor or its principal before CNA

4   contributes to defense costs.  CNA has filed a proof of claim in

5   this case in the amount of $36,387.22 as the balance due from the

6   debtor and its principal on the above-referenced deductible.

7        Including Ms. LaPierre, there are six plaintiffs asserting

8   claims against the CNA policy. The six pending cases are:

9     a.   LaPierre vs. Advanced Med Spa, Inc. et. al., Sacramento
           County Superior Court, Case No. 34-2012-00130682.

10         Asserted damages are between $397,924, based on a
           rejected settlement offer, and in excess of the

11         $3,000,000 policy limits, based on Ms. LaPierre's
           belief she will receive at least that much if her case

12         is decided by a jury in lieu of arbitration.  Ms.
           LaPierre filed a proof of claim on March 14, 2016,

13         asserting a $1,000,000 priority claim under §
           507(a)(10);

14

15    b.   Marie and William Blankenship v. Advanced Medical Spa,
           Inc. et. al., Placer County Superior Court, Case No.

16         SCV0030215.  Asserted damages in the amount of
           $725,000;

17    c.   Hooper v. Advanced Medical Spa, Inc. et. al., Placer
           County Superior Court, Case No. SCV0091685.  Asserted

18         damages in the amount of $475,000;

19    d.   Moon and Coffman v. Advanced Medical Spa, Inc. et. al.,
           Placer County Superior Court, Case No. SCV0031562.

20         Asserted damages in excess of $725,000.00;

21    e.   Rodriguez v. Advanced Medical Spa, Inc. et. al., Placer
           County Superior Court, Case No. SCV0031245.  Asserted

22         damages— Unknown; and

23    f.   Salazar v. Advanced Medical Spa, Inc. et. al., Placer
           County Superior Court, Case No. SCV0032498.  Asserted

24         damages- Unknown.

25

26

27

28                              - 4 -

1  **Discussion**

2        Relief from the automatic stay may be granted "for

3  cause[.]"[3] 11 U.S.C. § 362(d)(1).  The party moving for relief

4  from the automatic stay bears the burden of proof to establish a

5  prima facie case that stay relief is warranted.  In re Plumberex

6  Speciality Products, Inc., 311 B.R. 551, 558 (Bankr. C.D. Cal.

7  2004) (citation omitted).  In determining whether cause exists to

8  allow litigation to proceed in another forum, "the bankruptcy

9  court must balance the potential hardship that will be incurred

10 by the party seeking relief if the stay is not lifted against the

11 potential prejudice to the debtor and the bankruptcy estate."

12 Green v. Brotman Medical Center, Inc., 2008 WL 8444797 (9th Cir.

13 BAP 2008) at *6 (quoting In re United Imports, Inc., 203 B.R.

14 162, 166 (Bankr. D. Neb. 1996)); see also In re Aleris, 456 B.R.

15 35, 47 (Bankr. D. Del. 2011).  The decision whether to grant or

16 deny relief from the automatic stay is determined on a case-by-

17 case basis and "is committed to the sound discretion of the

18 bankruptcy court."  Bender Corp. v. Conejo Enterprises, Inc. (In

19 re Conejo), 96 F.3d 346, 351 (9th Cir. 1996).

20       Ms. LaPierre has not met her burden of establishing cause.

21 Ms. LaPierre has not met her burden because the court is not

22 persuaded that the potential hardship to Ms. LaPierre outweighs

23 the potential for prejudice to the debtor, the estate, and all

24

_____

25     [3]As an unsecured creditor, Ms. LaPierre is not entitled to
26 relief from the automatic stay on the basis of lack of adequate
   protection.  In re Aquarius Disk Services, Inc., 254 B.R. 253,
27 260 (Bankr. N.D. Cal. 2000) (citation omitted).

28                             - 5 -

1 | other unsecured creditors, particularly those similarly-situated

2 | to Ms. LaPierre, if the motion is granted.

3 | The automatic stay is "one of the most fundamental

4 | protections granted the debtor under the Bankruptcy Code."

5 | Izzarelli v. Rexene Products Co. (In re Rexene Products Co.), 141

6 | B.R. 574, 576 (Bankr. D. Del. 1992) (citing Midlantic Nat'l Bank

7 | v. New Jersey Dep't of Envtl. Prot., 474 U.S. 494, 503 (1986)).

8 | The purpose of the automatic stay is three-fold:  "to prevent

9 | certain creditors from gaining a preference for their claims

10 | against the debtor; to forestall the depletion of the debtor's

11 | assets due to legal costs in defending proceedings against it;

12 | and, in general, to avoid interference with the orderly

13 | liquidation or rehabilitation of the debtor."  Borman v. Raymark

14 | Ind., Inc., 946 F.2d 1031, 1036 (3d Cir. 1991) (quotation

15 | omitted).  These goals tie in neatly with the "Curtis" factors

16 | discussed by both Ms. LaPierre and the trustee.  See In re

17 | Curtis, 40 B.R. 795, 799-800 (Bankr. D. Utah 1984); In re

18 | Kronemyer, 405 B.R. 915, 921 (9th Cir. BAP 2009) (citing Curtis

19 | factors with approval).

20 | Not all Curtis factors apply to every case, and not all must

21 | be weighed equally.  In re Wang, 2010 WL 6259970 at *6 (9th Cir.

22 | BAP 2010).  Here, the court gives great weight to the detrimental

23 | effects and prejudice that all other unsecured creditors,

24 | particularly those similarly-situated to Ms. LaPierre, would

25 | suffer if the court grants Ms. LaPierre's motion and allows her

26 | to proceed before, and to the exclusion of, all other unsecured

27 |

28 | - 6 -

1    creditors.

2        In addition to Ms. LaPierre, there are five other plaintiffs

3    who have asserted claims against the CNA policy.  Of the six

4    plaintiffs, four plaintiffs seek damages totaling $2,925,200

5    (LaPierre @ $1,000,000, Blankenship @ $725,000, Hooper @

6    $475,000, and Moon @ $725,000).[4]  That amount will increase

7    substantially, and will exceed policy limits, once the unknown

8    damage claims asserted by the two remaining plaintiffs (Rodriguez

9    and Salazar) are known.  But considering only the four known

10   damage claims, that leaves only $75,000 available for allocation

11   to the unknown Rodriguez and Salazar damage claims.  And that

12   does not take into account defense costs associated with each

13   claim should the insurer dispute and decide to litigate any or

14   all claims.[5]

15       At a minimum, granting Ms. LaPierre's motion will have the

16   dual effects of depleting insurance proceeds available to the

17   other CNA policy claimants and, simultaneously, force the other

18   ────────────────

19   [4]Ms. LaPierre suggests the court should disregard the
     Blankenship and Salazar claims because, according to her, they
20   fall outside the policy coverage period.  Inasmuch as stay relief
     is a summary proceeding, the validity of those claims is beyond
21   the scope of the present motion.  In re Luz Intern., Ltd., 219
     B.R. 837, 842 (9th Cir. BAP 1998); see also Veal v. Am. Home
22   Mortg. Servicing, Inc. (In re Veal), 450 B.R. 897, 914-15 (9th
     Cir. BAP 2011).  Moreover, the validity of those claims is to be
23   determined initially by the insurer and not an unsecured creditor
     and plaintiff asserting a competing claim to the same insurance
24   proceeds.

25       [5]Based on the rejection of Ms. LaPierre's settlement offer,
26   the court can infer that CNA will dispute some or all of the
     claims asserted against the CNA policy and, thus, there will be
27   litigation costs and expenses.

28                              -7-

1   claimants to finance Ms. LaPierre's litigation with CNA.   The

2   court is not persuaded that it should allow a single unsecured

3   creditor to recover a disproportionate share - and simultaneously

4   deplete a limited pool - of insurance proceeds that are otherwise

5   available for an equitable and pro rata distribution to

6   similarly-situated unsecured creditors through an orderly

7   liquidation of the CNA policy interest.   Nor should the court

8   prejudice all other unsecured creditors by exposing them to the

9   possibility of reduced payments because of significant

10  administrative expenses should it turn out that some or all of

11  the CNA claims are not covered under the policy or exceed policy

12  limits.

13      If Ms. LaPierre's motion is granted, there is also a real

14  possibility that the court's order granting relief would open the

15  litigation floodgates causing a race to the courthouse by other

16  unsecured creditors to obtain judgments and dismember the debtor.

17  At a minimum, the debtor and the trustee would be forced to

18  defend a multitude of stay relief motions which, in and of

19  themselves, would substantially deplete insurance proceeds or

20  cause the estate to incur significant administrative expenses for

21  litigation costs not covered by any policy.   And that is

22  precisely what the automatic stay is designed to prevent, *i.e.*,

23  giving one creditor a preference over all others and to the

24  detriment of similar creditors and the estate.   See In re DBSI,

25  Inc., 407 B.R. 159, 167 (Bankr. D. Del. 2009) (denying stay

26  relief where it may encourage "a race to the courthouse by

27

28                                  - 8 -

1  parties seeking similar orders, which will cause undue hardship
2  and expense to the estate"); In re Bally Total Fitness of Case
3  Greater New York, Inc., 402 B.R. 616, 623 (denying a motion for
4  relief from the automatic stay where "granting relief could open
5  the floodgates to a multitude of similar motions causing further
6  interference with the bankruptcy case").

7      The court is also not persuaded that granting relief will
8  result in a complete resolution of all issues. Even if the court
9  were to allow Ms. LaPierre to proceed, there would still remain
10 at least 34 unresolved claims, possibly more. That includes the
11 five other plaintiffs who are similarly-situated to Ms. LaPierre.
12 Decisions made in Ms. LaPierre's case, were it allowed to
13 proceed, could also prejudice or otherwise adversely affect
14 claims by the other five plaintiffs. And that would only serve
15 to frustrate – rather than facilitate – any attempt to orderly
16 liquidate and equitably distribute the debtor's limited assets
17 and insurance interests.

18     In short, while the court is cognizant of and appreciates
19 the injuries that Ms. LaPierre claims she suffered as a result of
20 the debtor's action, the court must also take into account that
21 Ms. LaPierre is not the only unsecured creditor affected by the
22 debtor. And she is not the only unsecured creditor who has
23 asserted a claim against the CNA policy. More importantly, the
24 court cannot ignore the statutory mandate for distributions in a
25 chapter 7 case by preferring one unsecured creditor over another
26 of the same priority. See 11 U.S.C. § 726(a). As the court

27

28                               -9-

1  stated in <u>In re Patel</u>, 291 B.R. 169 (Bankr. D. Ariz. 2003):

2       Indeed, it would be particularly inappropriate to grant
        such preferential leverage to one creditor simply
3       because [s]he got closer to judgment before bankruptcy
        intervened, because such a policy would encourage a
4       rush to the courthouse that has always been recognized
        as contrary to sound bankruptcy policy, as evidenced by
5       the preference provisions of § 547.

6  <u>Id.</u> at 174-75.

7       Therefore, for all the foregoing reasons;

8       IT IS HEREBY ORDERED that the motion for relief from the

9  automatic stay that Ms. LaPierre filed on January 25, 2016, is

10  DENIED.

11       Dated:  March 29, 2016.

12

13

         UNITED STATES BANKRUPTCY JUDGE
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                              - 10 -

①

CASE NO. 15-27456-B.7

I, MAUREEN LaPierre am requesting a fee waiver for my notice of appeal as the debtor mutilated me which has left me penniless. I am currently receiving MED-ical due to My situation.

**FILED**

MAR 3 1 2016

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

FDIS

(2 of 10)

Case: 16-1087 05/27/16 2 Filed 04/04/2016 91 Page 1 of 9
Case 2:16-mc-00100-MCE-CKD   Document 1   Filed 05/23/16   Page 16 of 29

**Form 4.**  **Affidavit Accompanying Motion for Permission to Appeal In Forma Pauperis**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

**Appellant(s) or Petitioner(s) MAUREEN LAPIERRE**

v.**Case No. 15-27456-B-7**

**Appellee(s) or Respondent(s)  ADVANCED MEDICAL SPA, INC.**

**FILED**

APR – 4 2016

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

*Kvas*

---

| **Affidavit in Support of Motion** | **Instructions** |
|---|---|
| I swear or affirm under penalty of perjury that, because of my poverty, I cannot prepay the docket fees of my appeal or post a bond for them. I believe I am entitled to redress. I swear or affirm under penalty of perjury under United States laws that my answers on this form are true and correct.  28 U.S.C. sec. 1746; 18 U.S.C. sec. 1621. | Complete all questions in this application and then sign it. Do not leave any blanks: if the answer to a question is "0," "none," or "not applicable (N/A)," write in that response. If you need more space to answer a question, attach a separate sheet of paper identified with your name, your case's docket number, and the question number. |

Signed: *[signature: Maureen LaPierre]*

**Date :APRIL 2, 2016**

---

*My issues on appeal are:*

1.   *The premised facts of the other claimants' claims at the time of the ruling were known to be incorrect.*

2.   *Two of the claimants are NOT on the same policy period.*

3.   *Judge J'aime made a ruling based on erroneous "facts".*

4.   *Judge J'aime abused his discretion when denying Ms. LaPierre to argue her Motion.*

Signature _____

MAUREEN LAPIERRE

1281 FOWLER CREEK RD.
Sonoma, Ca. 95476
707-328-7408

*For both you and your spouse estimate the average amount of money received from each of the following sources during the past 12 months. Adjust any amount that was received weekly, biweekly, quarterly, semiannually, or annually to show the monthly rate. Use gross amounts, that is, amounts before any deductions for taxes or otherwise.*

| Income Source | Average monthly amount during the past 12 months | | Amount expected next month | |
| --- | --- | --- | --- | --- |
| | You | Spouse | You | Spouse |
| Employment | $ 0 | $ | $ 0 | $ |
| Self-Employment | $ 0 | $ | $ 0 | $ |
| Income from real property (such as rental income) | $ 0 | $ | $ 0 | $ |
| Interest and Dividends | $ 0 | $ | $ 0 | $ |
| Gifts | $ 0 | $ | $ 0 | $ |
| Alimony | $ 0 | $ | $ 0 | $ |
| Child Support | $ 425. | $ | $ 425. | $ |
| Retirement (such as social security, pensions, annuities, insurance) | $ 0 | $ | $ 0 | $ |
| Disability (such as social security, insurance payments) | $ 0 | $ | $ 0 | $ |
| Unemployment Payments | $ 0 | $ | $ 0 | $ |
| Public-Assistance (such as welfare) | $ 0 | $ | $ 0 | $ |
| Other: Medical | $ | $ | $ | $ |
| **TOTAL MONTHLY INCOME:** | $ 425. | $ | $ 425. | $ |

*2. List your employment history for the past two years, most recent employer first. (Gross monthly pay is before taxes or other deductions.)*

| Employer | Address | Dates of Employment | Gross Monthly Pay |
|---|---|---|---|
| unemployed | | From<br>To | $ |
| | | From<br>To | $ |
| | | From<br>To | $ |
| | | From<br>To | $ |

3. List your spouse's employment history for the past two years, most recent employer first.
   (Gross monthly pay is before taxes or other deductions.)

| Employer | Address | Dates of Employment | Gross Monthly Pay |
|---|---|---|---|
| N/A | | From<br>To | $ |
| | | From<br>To | $ |

| | | From | $ |
| | | To | |
| | | From | $ |
| | | To | |

4. How much cash do you and your spouse have?   $ 0

Below, state any money you or your spouse have in bank accounts or in any other financial institution.

| Financial Institution | Type of Account | Amount You Have | Amount Your Spouse Has |
|---|---|---|---|
| 0 | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

*If you are a prisoner seeking to appeal a judgment in a civil action or proceeding, you must attach a statement certified by the appropriate institutional officer showing all receipts, expenditures, and balances during the last six months in your institutional accounts. If you have multiple accounts, perhaps because you have been in multiple institutions, attach one certified statement of each account .*

5. List the assets, and their values, which you own or your spouse owns. Do not list clothing and ordinary household furnishing.

| Home N/A | Value | Other Real Estate | Value |
|---|---|---|---|

| Motor Vehicle 1: Make & Year | Model | Registration # | Value |
|---|---|---|---|
|  |  |  | $ |
| Motor Vehicle 2: Make & Year | Model | Registration # | Value |
|  |  |  | $ |

| Other Assets | Value |
|---|---|
|  | $ |
|  | $ |
|  | $ |

6. State every person, business, or organization owing you or your spouse money, and the amount owed.

| Person owing you or your spouse | Amount owed to you | Amount owed to your spouse |
|---|---|---|
| *N/A* | $ | $ |
|  | $ | $ |
|  | $ | $ |

7. State the persons who rely on you or your spouse for support.  If a dependent is a minor, list only the initials and not the full name.

| Name | Relationship | Age |
|---|---|---|
| *M.L.* | *daughter* | *12* |

8. Estimate the average monthly expenses of you and your family. Show separately the amounts paid by your spouse. Adjust any payments that are made weekly, biweekly, quarterly, semiannually, or annually to show the monthly rate.

|  | You | Spouse |
|---|---|---|
| Rent or home-mortgage payment (include lot rented for mobile home)<br>- Are real estate taxes included? No - Is property insurance included? No  ☐ Yes ☐  ☐ Yes ☐ | $ 0 | $ |
| Utilities  (electricity, heating fuel, water, sewer, and telephone) | $ 0 | $ |
| Home maintenance (repairs and upkeep) | $ 0 | $ |
| Food | $ 200 | $ |
| Clothing | $ 0 | $ |
| Laundry and dry-cleaning | $ 0 | $ |
| Medical and dental expenses | $ medical | $ |
| Transportation (not including motor vehicle payments) | $ 200 | $ |
| Recreation, entertainment, newspapers, magazines, etc. | $ 0 | $ |
| Insurance (not deducted from wages or included in mortgage payments)<br>- Homeowner's or renter's.......................................................<br>- Life...............................................................................<br>- Health...........................................................................<br>- Motor Vehicle.................................................................<br>- Other: | $0<br>$0<br>$0<br>$0 | $ |

-6-

| | | $ |
| | | $ |
| | | $ |
| | | $ |

| Taxes (not deducted from wages or included in mortgage payments) Specify: | $ | $ |
|---|---|---|

| Installment payments | | |
| - Motor Vehicle.................................................................. | | |
| - Credit Card (name): | | |
| - Department Store (name): | | |
| - Motor Vehicle.................................................................. | $0 | $ |
| | $0 | $ |
| | $0 | $ |
| | $0 | $ |

| Alimony, maintenance, and support paid to others | $ 0 | $ |
|---|---|---|

| Regular expenses for the operation of business, profession, or farm (attach detailed statement) | $ 0 | $ |
|---|---|---|

| Other (specify) phone | $ 25. | $ |
|---|---|---|

| **Total Monthly Expenses:** | $ 450. | $ |
|---|---|---|

*9.Do you expect any major changes to your monthly income or expenses or in your assets or liabilities during the next 12 months?*

☐ Yes ☐ No   unknown

*10.Have you spent--or* ☐ *will you be spending--any money for expenses or attorney fees in connection with this* *lawsuit?* *yes*

*If yes, how much?*

$ unknown

Case: 16-1087 Doc: 07-456.2 Filed: 04/08/2016 91 Page: 9 of 9
Case 2:16-mc-00100-MCE-CKD   Document 1   Filed 05/23/16   Page 24 of 29

11. *Provide any other information that will help explain why you cannot pay the docket fees for your appeal.*
*Because of the Female Genital Mutilation the debtor inflicted upon me I am unable to work due to the pain and emotional depression this has caused. I am currently homeless.*

12. *State the city and state of your legal residence.*

*Currently homeless: Ca.*

*Your daytime phone number: 707-328-7408*

*Your age: 54          your years of schooling: 14*

*Last four digits of your social security number:  0787*

**PACER fee: Exempt**

General Docket
**U. S. Bankruptcy Appellate Panel for the Ninth Circuit**

---

**Bankruptcy Appellate Panel Docket #:** 16-1087
Maureen Lapierre v. Advanced Medical Spa Inc., et al
**Appeal From:** California Eastern - Sacramento
**Fee Status:** fee due

---

**Case Type Information:**
 **1)** Bankruptcy
 **2)** Chapter 7 Non-Business
 **3)** null

---

**Originating Court Information:**
 **District:** 0972-2 : 15-27456-B-7
 **Trial Judge:** Christopher D. Jaime, U.S. Bankruptcy Judge
 **Date Filed:** 09/23/2015

| Date Order/Judgment: | Date NOA Filed: | Date Rec |
|---|---|---|
| 03/30/2016 | 03/31/2016 | 04/04/201 |

---

**Prior Cases:**
 None

**Current Cases:**
 None

---

**Panel Assignment:**    Not available

---

In re: ADVANCED MEDICAL SPA INC.
            Debtor

------------------------------

MAUREEN YVONNE LAPIERRE                          Maureen Yvonne LaPierre
            Appellant                            Direct: 707-328-7408
                                                 [NTC Pro Se]
                                                 1281 Fowler Creek Rd.
                                                 Sonoma, CA 95476

v.

ADVANCED MEDICAL SPA INC.                        Edward A. Smith, Esquire
            Appellee                             Direct: 916-786-7272
                                                 [COR LD NTC Retained]
                                                 Dudugjian & Maxey
                                                 Building B
                                                 Firm: 916/ 786-7272
                                                 13 SierraGate Plaza
                                                 Roseville, CA 95678

ERIC J. NIMS, Chapter 7 Trustee                  J. Russell Cunningham, Attorney
            Appellee                             Direct: (916) 443-2051
                                                 [COR LD NTC Retained]

1830 15th St
Sacramento, CA 95811

In re:  ADVANCED MEDICAL SPA INC.

          Debtor

------------------------------

MAUREEN YVONNE LAPIERRE

          Appellant

v.

ADVANCED MEDICAL SPA INC.; ERIC J. NIMS, Chapter 7 Trustee

          Appellees

| 04/04/2016 | ☐ 1<br>16 pg, 366.32 KB | Received notice of appeal filed in Bankruptcy Court on 03/31/2016, notice of re<br>order on appeal. (VJ) [Entered: 04/04/2016 02:16 PM] |
|---|---|---|
| 04/04/2016 | ☐ 2<br>10 pg, 290.88 KB | Filed ( Bk.Ct.) copy of Appellant of Miss Maureen Yvonne LaPierre's motion to<br>w/ Affidavit; served on ( no pos). (VJ) [Entered: 04/06/2016 11:21 AM] |
| 04/06/2016 | ☐ 3<br>3 pg, 96.1 KB | Notice to all parties and Bankruptcy Court RE: BAP Case number assigned: 16<br>Record Request Form to Bankruptcy Court. (VJ) [Entered: 04/06/2016 11:27 A |
| 04/08/2016 | ☐ 4<br>2 pg, 333.03 KB | Filed (ECF) ~~Party~~ Appellant Miss Maureen Yvonne LaPierre's **Motion re: Unab<br>transcripts (2/17/16 and 11/10/15) due to the IFP filed** ; certification of servic<br>email - Attorney for Appellees: Cunningham, Smith; Appellant LaPierre. [16-10&<br>VJ] (MYL) [Entered: 04/08/2016 09:48 AM] |
| 04/08/2016 | ☐ 5<br>12 pg, 737.91 KB | Filed (ECF) Party Miss Maureen Yvonne LaPierre's **Copy of Bk.Ct. Order De**<br>**From Stay** ; certification of service ; served on 04/08/2016 email - Attorney for<br>Smith. [16-1087] --[Edited 04/11/2016 by VJ] (MYL) [Entered: 04/08/2016 09:5< |
| 04/08/2016 | ☐ 6<br>2 pg, 332.75 KB | Filed (ECF) Party Miss Maureen Yvonne LaPierre's **Request for permission t**<br>**Brief** ;certification of service served on 04/08/2016 email - Attorney for Appelle<br>1087] --[Edited 04/11/2016 by VJ] (MYL) [Entered: 04/08/2016 10:15 AM] |
| 04/13/2016 | ☐ 7<br>4 pg, 59.34 KB | Sent BRIEFING ORDER & NOTICE to appellant Miss Maureen Yvonne LaPier<br>Appellant Maureen Yvonne LaPierre's opening brief due 05/31/2016. (VJ) [Ente |
| 04/13/2016 | ☐ 8<br>9 pg, 83.35 KB | Filed order (Clerk: sms) ; Appellant is directed to read the BAP's Administrative<br>comply with its requirements in all future filings. Failure of appellant to promptly<br>requirements of this order will result in the BAP revoking appellant's ability to e<br>as a BAP ECF Filer. The motion for leave to file an informal brief and the notice<br>to pay for transcripts will be forwarded to the BAP motions panel for its conside<br>( see attached order) (VJ) [Entered: 04/13/2016 01:14 PM] |
| 04/29/2016 | ☐ 9<br>3 pg, 47.04 KB | Filed order (Clerk: sms) ; On Friday, May 13, 2016, the Panel will forward the re<br>in forma pauperis to the U.S. District Court for its consideration. This Clerk's Nc<br>the trial court the opportunity to "certif[y] in writing that [the appeal] is not taken<br>U.S.C. § 1915(a)(3) ; dated: 04/29/2016. ( see attached order) (VJ) [Entered: 0 |
| 05/05/2016 | ☐ 10<br>23 pg, 768.64 KB | Filed (ECF) Appellant Miss Maureen Yvonne LaPierre's opening brief on appea<br>email - Attorney for Appellees: Cunningham, Smith; Appellant LaPierre. [16-10{<br>05/05/2016 02:14 PM] |
| 05/06/2016 | ☐ 11<br>10 pg, 326.13 KB | Filed (ECF) Appellant Miss Maureen Yvonne LaPierre's Emergency motion ~~to i~~<br>**pending appeal**;;.--[Edited 05/09/2016 by VJ] (MYL) [Entered: 05/06/2016 05:( |
| 05/09/2016 | ☐ 12<br>20 pg, 3.11 MB | Filed (ECF) Appellant Miss Maureen Yvonne LaPierre's ~~additional authorities~~ **A**<br>**Motion for Injunction pending appeal ( w/ additional exhibits)** ; served on 0<br>- Attorney for Appellees: Cunningham, Smith; Appellant LaPierre. [16-1087] .--[<br>(MYL) [Entered: 05/09/2016 09:23 AM] |
| 05/10/2016 | ☐ 13<br>2 pg, 40.69 KB | Filed order (KIRSCHER and DUNN); The motion for stay pending appeal is he<br>( see attached order) (VJ) [Entered: 05/10/2016 09:05 AM] |
| 05/23/2016 | ☐ 14<br>24 pg, 747.66 KB | Filed order (KIRSCHER and DUNN); appellant's IFP Motion is hereby TRANSF<br>States District Court for the Eastern District of California for the limited purpose<br>;. ( see attached order) (VJ) [Entered: 05/23/2016 12:40 PM] |

Clear All

◉ **Documents and Docket Summary**
◯ **Documents Only**

☑ **Include Page Numbers**

**Selected Pages:** 0     **Selected Size:** 0 KB

View Selected

| **PACER Service Center** | | |
|---|---|---|
| **Transaction Receipt** | | |
| BAP for the Ninth Circuit - 05/23/2016 13:35:27 | | |
| **PACER Login:** jd9260 | **Client Code:** | |
| **Description:** Docket Report (full) | **Search Criteria:** | 16-108' |
| **Billable Pages:** 2 | **Cost:** | 0.20 |
| **Exempt Flag:** Exempt | **Exempt Reason:** | Always |